Filed For Record
Drew County, AR
Beverly Burks, Circuit Clerk
By _____

MAR 2 8 2017

IN THE CIRCUIT COURT OF DREW COUNTY, ARKANSAS

AM 1/2/3/4/5/6/7/8/9/10/11/12PM

JAMES W. FERRELL, Individually and
as Class Representative                                              PLAINTIFF

vs.                                   NO. CV-2017-35-4

AIR EVAC EMS, INC., D/B/A
AIR EVAC LIFETEAM                                               DEFENDANT

## AMENDED & SUBSTITUTED COMPLAINT

Comes now the Plaintiff, James W. Ferrell, by and through his attorneys, Gibson & Keith,

PLLC, individually and on behalf of all other similarly situated plaintiffs residing in the State of

Arkansas, and for their Amended & Substituted Complaint against the Defendant, Air Evac EMS,

Inc., state and allege as follows:

### Parties, Jurisdiction and Venue

1.        Plaintiff is and at all relevant times has been an individual resident and citizen of

Drew County, Arkansas, and brings this action on behalf of himself and all others similarly situated

pursuant to Ark. R. Civ. Proc. 23 and other applicable law.

2.        Defendant is a foreign corporation that at all relevant times was doing business in

Arkansas under the fictitious name Air Evac Lifeteam.  Defendant is registered to do business in

Arkansas, and The Corporation Company of 124 West Capitol Avenue, Suite 1900, Little Rock,

Arkansas, 72201, is the Registered Agent for service of process for Defendant.

-1-

3.      The Court has jurisdiction over the parties to and the subject matter of this action, and venue lies in this Court.

### Factual Background

4.      Defendant is and at least since 2010 has been engaged in the air ambulance business in the State of Arkansas. Defendant utilizes helicopters to transport patients to medical care facilities including hospitals. Requests to Defendant for air ambulance transportation services are not made by the patient. Patients are not informed as to the charges Defendant will make for providing air ambulance transport before being transported, nor are patients informed as to what their health insurance will pay for the transport, or whether they will be subject to balance billing by Defendant.

5.      A month or so after a patient is transported, Defendant issues an after-the-fact billing to the patient for the transport, and this is when the patient first learns that Defendant intends to charge the patient outrageously high prices that bear no reasonable relationship to the services rendered, and without any regard to coverages afforded by health insurers or other third-party payers. On information and belief, Defendant attempts to make after-the-fact charges to patients that are many times the actual cost of providing the transport.

6.      As to Defendant's price gouging of patients, Defendant filed a lawsuit in the U.S. District Court for the Eastern District of Arkansas against Arkansas Blue Cross and Blue Shield (herein "Arkansas Blue Cross"), case no. 4:16-cv-00266-BSM, in which Defendant alleged that in 2016 the base rate paid by Medicare for air ambulance transportation from a rural area of Arkansas is $4,876.73. Notwithstanding that credible guide to the value of air ambulance transport, during that same year Defendant charged a base rate of $20,215.00 which is over 400% more than the base rate allowed by Medicare. Defendant also alleged in said lawsuit that the amount paid per mile by

-2-

Medicare for air ambulance transport in 2016 is $34.02 per mile. Again notwithstanding that credible guide to the value of air ambulance transport, during that same year Defendant charged an air ambulance mileage rate of $215.00 per mile which is over 600% more than the mileage rate allowed by Medicare.

7.    Attempts to rein in Defendant's exorbitant charges and fees to patients have been successfully defeated by Defendant's assertion of preemption under the Airline Deregulation Act of 1978 (ADA herein) which invalidates all state laws that affect the price an air carrier charges. For example, in *Schneberger v. Air Evac EMS, Inc.*, USDC, Western District of Oklahoma, No. CIV-16-843-R, the U.S. District Court accepted Defendant's assertion that the ADA preempts Oklahoma's common law doctrine of implied contract to the effect that where no price is agreed upon that same will be set at the fair and reasonable value of the services provided, and also preempted Oklahoma law that implies the covenant of good faith and fair dealing into all contracts. *Id.* Doc. #66 (3/15/17). At bottom, the Defendant has successfully taken the legal position in the Courts of our Country that there are no legally enforceable limits whatsoever on what it can charge a patient for air ambulance service, and that the patient has no right or ability to challenge the amount charged – today it may be $30,000 for a 15 minute helicopter ride – tomorrow it could be $500,000, or even a Million Dollars.

8.    The Defendant's successful use of ADA preemption to prevent any state statutory, regulatory or common law from reining in the amount it decides, in its unfettered discretion, to charge a patient for air ambulance services is wholly unlike charges made by doctors and hospitals without prior pricing, insurance and balance billing disclosures to patients, as those doctors and hospitals can be held to charges that are no more than what is fair and reasonable by familiar

principles of implied contract, *quantum meruit*, restitution, etc. , under state law.

9. In such circumstances, there can be no valid contract or liability of patients to Defendant as the essential term of price is missing from any express or implied agreement of a patient to pay Defendant for the transport. Further, where there is no agreement or contract regarding a mechanism for objectively determining the price to be charged and paid for the transport, there can be no valid contract upon which Defendant might hold patients liable for the transport.

10. Nevertheless, on information and belief, the Defendant continues to bill patients for its outrageous charges, and brings legal actions against the patients in the Courts of Arkansas to collect those charges which collectively run into the Tens of Millions of Dollars. An indicia of the amount of Defendant's outstanding charges made to Arkansas residents is contained in Defendant's Amended Complaint filed the above-cited lawsuit where Defendant asserts that Arkansas Blue Cross alone owes more than $10 million in underpayments for air ambulance services provided to Arkansas insureds.

### Plaintiff James W. Ferrell

11. On or about November 14, 2015, Plaintiff Ferrell went to the Emergency Room of Bradley County Medical Center in Warren, Arkansas, herein "BCMC", relative to chest pain. Without consulting or obtaining the agreement of Plaintiff Ferrell, he was placed in a helicopter operated by Defendant for transport to Jefferson Regional Medical Center in Pine Bluff, herein "JRMC", a distance of just 41 miles.

12. Plaintiff Ferrell was not given any choice regarding the type of ambulance transport of him from BCMC to JRMC, and nobody informed him that Defendant would later bill him $30,083.26 for the short helicopter ride to JRMC, or that his insurance through Arkansas Blue Cross

would only pay only $1,000 of those charges, thereby leaving him with a balance bill from Defendant in the amount of $29,083.26 for which Defendant demands payment from Plaintiff Ferrell.

13.  It was not until a couple of months following Defendant's air ambulance transport of Plaintiff Ferrell that Plaintiff Ferrell received a bill from Defendant, by way of which bill Plaintiff Ferrell learned for the first time about the outrageously high price Defendant was charging Plaintiff for the short helicopter ride from BCMC to JRMC, same being $30,083.26.

14.  Defendant's price gouging of Plaintiff Ferrell is egregious, especially when compared to what Medicare would approve as the value of the air ambulance service provided by Defendant to Plaintiff Ferrell.  Given Defendant's own statements as to the Medicare rates for air ambulance service noted above, Medicare would have paid $6,271.55 for the air ambulance transport of Plaintiff Ferrell over the 41 miles from BCMC to JRMC.  The math is as follows: Medicare base rate of $4,876.73 plus $1,394.82 (being $34.02 per mile times 41 miles), which totals $6,271.55.  Yet, Defendant seeks to gouge Plaintiff Ferrell by charging and billing him $30,083.26 for the short helicopter ride.  That is almost 500% more than Medicare would pay Defendant for the same air ambulance service.

15.  Defendant accepts the Medicare determined value of its air ambulance service in full satisfaction of its charges where there is no other applicable insurance covering same.

16.  On information and belief, Plaintiff Ferrell could have been transported from BCMC by a regular ambulance to JRMC in Pine Bluff in less time than it took for Defendant's helicopter to come to BCMC, pick him up, and carry him to JRMC, and at a cost of only $1,500.

17.  Because Plaintiff Ferrell and Defendant had no agreement or contract regarding price or a mechanism for objectively determining the price to be charged and paid for the transport, there

can be no valid contract upon which Defendant might hold Plaintiff Ferrell liable for the transport.

<u>**Class Allegations**</u>

18.    Plaintiff adopts the previous and subsequent allegations as if fully set forth herein.

19.    Plaintiff brings this action under Ark. R. Civ. Proc. 23 on behalf of a Class of all persons similarly situated, defined as follows relative to the FIRST CAUSE OF ACTION set forth below:

> All patients and parents of minor patients transported by Defendant's air ambulance service from a location in Arkansas and who are still subject to a bill or claim of Defendant for a balance due for those transport services.

20.    Plaintiff brings this action under Ark. R. Civ. Proc. 23 on behalf of a Class of all persons similarly situated, defined as follows relative to the SECOND CAUSE OF ACTION set forth below:

> All patients and parents of minor patients transported by Defendant's air ambulance service from a location in Arkansas in the five (5) years prior to the commencement of this action who have been billed by Defendant for such transport.

21.    The members of the Class are so numerous that the joinder of all members is impracticable. On information and belief, the proposed Classes would include over a thousand Class Members. Defendant purports to be the largest air ambulance service operating in Arkansas, and operates 10 bases in Arkansas, as well as 2 additional bases just across the border in Mississippi and Louisiana that send helicopters into Arkansas to pick up and transport patients.

22.    On information and belief, Defendant keeps detailed transport and billing records from which the Class Members can be readily and easily ascertained without resort to individualized fact-finding. Specifically, those patients who received air ambulance transport by Defendant from

an Arkansas location can be identified through Defendant's transport, medical and billing records.

23.     There are questions of law and fact common to the proposed Classes including

without limitation the following:

a)     Whether the proposed Class Members were either transported by Defendant's air ambulance service or had a minor child so transported.

b)     Whether Defendant provided the proposed Class Members with pricing, insurance and balance billing information at or before the time when the air ambulance service was provided.

c)     Whether Defendant's failure to provide the proposed Class Members with pricing, insurance and balance billing information before providing air ambulance service to them or their children renders any contract or agreement for payment for said service invalid or unenforceable.

d)     Whether Defendant's concealment, suppression or omission of pricing, insurance and balance billing information from patients until after air ambulance transport constitutes a violation of the Arkansas Deceptive Trade Practices Act.

24.     The claims and defenses of Plaintiff Ferrell as representative of the proposed Class are typical of the claims and defenses of the proposed Class.  This is because the representative of the Class and the Class Members all received air ambulance transport service from Defendant, and none of them received pricing information at or before the time when that service was rendered to them or their children.  Plaintiff Ferrell is part of the Class he seeks to represent – he possesses the same interest as absent Class Members, and has suffered the same injury of being subjected to Defendant's illegal and exorbitant billings based on an unenforceable contract for services.

25.     Plaintiff Ferrell will fairly and adequately protect the interests of the Class, and Plaintiff has retained experienced counsel to pursue the interests of himself and the Class Members. Neither Plaintiff nor his counsel have any interests that are contrary to, or in conflict with those of

the Class Members that Plaintiff seeks to represent.

26.     The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class Members. The only discernable difference existing between Class Members will be the specific dollar amount of Defendant's air transport charges made to them which is not relevant to the Class claims made herein.

27.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy since joinder of all Class Members is impracticable. Further, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
## DECLARATION OF UNENFORCEABLE CONTRACTS

28.     Plaintiff adopts the allegations of the previous and subsequent paragraphs as if fully restated herein.

29.     Because Defendant does not supply pricing information for its air ambulance transport services to Plaintiff and the Class Members before providing those services, any agreement or contract to pay for such transport is not valid or enforceable for want of the essential contract term of price, and this Court should so declare pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, and other applicable law.

30.     Further, Plaintiff and the Class Members had no agreement with Defendant as to the price to be charged for air ambulance transport of them or their children, nor did Plaintiff or the Class Members have any agreement providing a mechanism for objectively determining the price

to be charged and paid for the transport, in consequence of which there can be no valid contract upon which Defendant might hold Plaintiff or the Class Members liable for Defendant's after-the-fact egregious charges for the transport, and this Court should so declare pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, and other applicable law.

## SECOND CAUSE OF ACTION
## <u>VIOLATION OF DECEPTIVE TRADE PRACTICES ACT</u>

31.     Plaintiff adopts the allegations of the previous and subsequent paragraphs as if fully restated herein.

32.     Defendant does not inform patients of the exorbitant prices that it intends to charge the patients and/or their parents for air ambulance transport services before such transport services are provided, nor does Defendant provide the patients and/or their parents with a mechanism for objectively determining the prices that will be charged for such transport services before same are provided.  It is through this practice that Defendant conceals, suppresses and omits the unreasonable charges it intends to make to its patients and/or their parents until after it has them on a hook for those charges by an after-the-fact billing which Defendant uses to extort unreasonably high fees from patients and/or their parents.

33.     Further, as reflected by Defendant's allegations in its above-cited lawsuit against Arkansas Blue Cross, Defendant well knows that Arkansas Blue Cross is the largest health insurer in Arkansas, and that Arkansas Blue Cross health insurance policies cover approximately 860,000 people in Arkansas.

34.     As also reflected by Defendant's allegations in said lawsuit, Defendant well knows that it has not contracted with Arkansas Blue Cross to be an in-network provider of air ambulance

services to Blue Cross insureds which, according to Defendant, means that patients are liable for all charges above what the insurance pays. Defendant nevertheless conceals, suppresses or omits this important and very material information from patients until after it has transported them.

35.    As also reflected by Defendant's allegations in said lawsuit, Defendant well knows that Arkansas Blue Cross pays no more than $5,000 toward its air ambulance charges for transporting a patient, and well knows that some Arkansas Blue Cross health insurance plans only pay $1,000 toward Defendant's billings for air ambulance transport services, thereby leaving patients subject to large balance liabilities for Defendant's air ambulance charges. Defendant nevertheless conceals, suppresses or omits of all this information from patients until after it has transported them when it sends the patient an after-the-fact billing for its exorbitant charges.

36.    On information and belief, the matters set forth in paragraphs 34 and 35 above are true with respect to transported patients who have health insurance coverage through insurance companies other than Arkansas Blue Cross. Like Arkansas Blue Cross insureds, those patients are left with large balances owing to Defendant.

37.    At bottom, Defendant does not give its patients or their parents a chance to know what they will be charged, or what their health insurance will pay on Defendant's air ambulance charges, or whether they will be subject to a balance billing over insurance, so they can make an informed decision as whether they want Defendant's air ambulance services, a competitor's air ambulance service, or ground ambulance transportation.

38.    Defendant's concealment, suppression or omission of the price it will charge a patient until after the transport of the patient is done, as well as Defendant's concealment, suppression or omission of what the patient's health insurance will pay on Defendant's air ambulance charges, or

-10-

whether the patients will be subject to a balance billing over insurance, constitute violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.*, including, without limitation, Ark. Code Ann. §§ 4-88-107, -108.

39.    Further, Defendant's said violation of the Arkansas Deceptive Trade Practices Act is directed at the elderly and disabled justifying the imposition of the maximum civil penalty prescribed by Ark. Code Ann. § 4-88-202, for each and every violation.  Defendant well knows that its concealment, suppression or omission of its exorbitant prices, and its concealment, suppression or omission of health insurance and balance billing matters, are directed at the elderly and disabled who are more vulnerable to such reprehensible tactics than others.  Defendant's said conduct has caused mental/emotional anguish to elderly and disabled patients who also suffer extreme financial hardship as a result of them trying to pay Defendant's exorbitant charges.  Plaintiff Ferrell and the Class Members should be awarded damages for their mental/emotional anguish, as well as punitive damages to punish Defendant and deter others from similar conduct.

### Prayer for Relief

WHEREFORE, the premises considered, Plaintiff, on behalf of himself and all members of the Classes he represents, seek judgment and relief against Defendant as follows:

a)    an order certifying the Classes, designating Plaintiff as the Class representative and naming Plaintiff's attorneys as Class counsel;

b)    judgment on each claim against Defendant on behalf of Plaintiff and the Class as requested hereinaboved, including without limitation imposition of civil penalties against Defendant;

c)    judgment declaring any contracts or agreements of Plaintiff and the Class Members

-11-

to pay Defendant for air ambulance transport to be invalid and unenforceable against

Plaintiff and the Class Members;

d)      judgment for compensatory and all other allowable damages under the causes of

action asserted herein, including pre-judgment and post-judgment interest as

provided by law;

e)      alternatively, if any part of Plaintiff's claims are deemed not to meet the requirements

of Ark. Civ. Proc. 23 relative to class actions, for an order certifying certain liability

issues and claims which exist, predominate, and are susceptible to class-wide proof;

f)      for a reasonable attorney's fee; and

g)      for costs, litigation expenses, such other and further relief as the Court may deem

proper.

The damages and amounts in controversy in this matter exceed the amount required for Federal

Court diversity jurisdiction.

Demand for Jury Trial.  Plaintiff respectfully demands that all issues and claims herein be

tried to and determined by a jury.

                                 Respectfully Submitted,

                                 GIBSON & KEITH, PLLC
                                 Attorneys for Plaintiff
                                 119 South Main Street
                                 Post Office Drawer 447
                                 Monticello, AR  71657
                                 Phone: 870/367-2438
                                 Fax:    870/367-8306

                                 By:_____
                                      C. C. Gibson, III
                                      Ark. Bar No. 81067
                                      E-mail: ccgiii@gibsonandkeith.com

-12-